## Heller v. Zoning Board of Adjustment

*Leonard Packel*, for plaintiff.
*Paul L. Rucci*, for defendant.
*Bernard Glassman*, for intervenors.

LEVIN, J., May 28, 1970.—Appellant resides at 6738 Rutland Street. In the basement of this row home, he and his wife carry on the business of altering men's clothing. Since the property is zoned "R-9" residential, the use was illegal, unless the zoning board of adjustment granted (1) a variance, or (2) a use certificate for a home occupation. Appellant applied for the latter, and a public hearing was held on November 25, 1969. The zoning board of adjustment refused to issue a use certificate or a variance, and this appeal followed.

We note at the outset that the zoning board's conclusion that a variance should not be granted is correct, inasmuch as the record is devoid of a showing of unnecessary hardship: Devereaux Foundation, Inc., Zoning Case, 351 Pa. 478 (1945).

With respect to the certificate for home occupation, the board found that the use was not one "customar-

ily and traditionally conducted in a dwelling," which is the basic requirement of the section providing for home occupations: 14-203(2)(e). We affirm the board, but for a different reason.

Section 14-203 contains the provisions for "R-2" residential districts. Subsections (1), (2) and (3) pertain to the use regulations, home occupations being one of nine nonresidential uses authorized by subsection (2).[1] Two prerequisites to any subsection (2) use are a board of adjustment certificate and a "completely enclosed detached building."

The property in question is zoned "R-9" residential: §14-210. Home occupations are permitted by reason of the fact that each residential district authorizes all uses in higher residential districts, "subject to all qualifications imposed on such uses." Thus, the fact that attached or semiattached dwellings are not permitted in an "R-2" district but are permitted in an "R-9" district is ignored by the code, which permits home occupations only in detached dwellings. Since it is our duty to follow the code, not rewrite it, we have no alternative but to affirm the zoning board. In so doing, however, we note that in Philadelphia, one who "ekes out a living" [2] at home most likely does not live in a detached dwelling.

Although the result seems absurd to us, we are without power to substitute our judgment for that of city council. If the result was not intended, it is up to that legislative body to amend the city code.

The decision of the zoning board of adjustment is affirmed.

---

[1] The other eight are art galleries and museums, charitable institutions, club and fraternity houses, fire stations, police stations, hospitals, nursing homes, and water or sewage pumping stations.

[2] Bender v. Zoning Board of Adjustment, 4 D. & C. 2d 359, 360 (C. P. Phila., 1955).